Filed 9/15/22  P. v. Rios CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B318366 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA070266) |
| v. | |
| REYES RIOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Blythe J. Leszkay and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Reyes Rios appeals from an order denying his petition to redesignate or dismiss his conviction for the sale or transportation of marijuana pursuant to Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act. (Health & Saf. Code,[1] §§ 11360, 11361.8, subd. (e); see Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 64, pp. 207–208.) Rios contends the trial court erred in denying his petition on the ground that his conviction for the sale of methamphetamine is not a qualifying offense. The Attorney General concedes this point, and we agree that the matter must be remanded for further proceedings.

## BACKGROUND

In 2006, Rios pleaded no contest to one count of the sale of methamphetamine (§ 11379, subd. (a)) and one count of the sale or transportation of marijuana (§ 11360, subd. (a)). The trial court sentenced Rios to two concurrent terms of four years in prison.

In January 2022, Rios filed an application pursuant to section 11361.8 to redesignate or dismiss his conviction for the sale or transportation of marijuana. The trial court denied the application on the ground that Rios's conviction for the sale of methamphetamine was not an offense eligible for reduction.

Rios timely appealed.

## DISCUSSION

On appeal, Rios contends the trial court's determination that his sale of methamphetamine conviction rendered him ineligible for redesignation under Proposition 64 was erroneous,

---

[1] All undesignated statutory references are to the Health and Safety Code.

2

given that his sale of marijuana conviction was an eligible offense.  The Attorney General concedes the trial court erred and we agree.

Proposition 64 legalized the recreational use of marijuana and reduced the penalties for various marijuana-related charges, including the sale or transportation of marijuana.  (§ 11360.)  The proposition also created a procedure to allow an individual to obtain postconviction benefit of the changes in the law if the individual does not have a disqualifying prior conviction or convictions.  (§§ 11361.8, 11360.)

Specifically, section 11361.8, subdivision (e) provides:  "A person who has completed their sentence whether by trial or open or negotiated plea, who would not have been guilty of the conviction offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in their case to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction in accordance with [section]  . . .  11360  . . .  as  . . .  amended or added by that act."  Subdivision (f) further specifies:  "The court shall presume the petitioner satisfies the criteria in subdivision (e) unless the party opposing the application proves by clear and convincing evidence that the petitioner does not satisfy the criteria in subdivision (e).  Once the applicant satisfies the criteria in subdivision (e), the court shall redesignate the conviction as a misdemeanor or infraction or dismiss and seal the conviction as legally invalid as now established under the Control, Regulate and Tax Adult Use of Marijuana Act."

When Rios was convicted in 2006, the sale or transportation of marijuana was a felony. (Former § 11360, subd. (a) [requiring prison term of two, three, or four years].) However, Proposition 64 included amendments to section 11360, making the offense, as a general matter, a misdemeanor. (§ 11360, subd. (a) [requiring jail sentence not in excess of six months and/or fine, unless certain aggravating factors are present, such as two or more prior convictions for sale of marijuana, allowing court, in its discretion, to impose felony term].)

The trial court therefore erred in denying Rios's petition for dismissal or redesignation pursuant to section 11361.8, subdivision (e), for reasons related to the section 11379 conviction. While the trial court was not mistaken that section 11379 is not an offense eligible for reduction, Rios's application concerned his section 11360, subdivision (a) conviction, which is an eligible offense. (§ 11361.8, subd. (e).) Section 11360 now requires a lesser punishment for individuals such as Rios under most circumstances. The record does not reflect that Rios is otherwise ineligible for redesignation of his section 11360, subdivision (a) conviction due to the presence of aggravating factors. (§ 11360, subd. (a).) As such, we have not identified any evidence, much less "clear and convincing evidence," that Rios does not satisfy the criteria in section 11361.8, subdivision (e). (§ 11361.8, subd. (f).) We express no opinion as to whether that standard might be satisfied on remand.

For these reasons, we agree that the order denying Rios's petition must be reversed and the matter remanded for further proceedings consistent with this opinion.

**DISPOSITION**

The trial court order is reversed and the matter remanded for further proceedings in accordance with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ADAMS, J.*

We concur:

EDMON, P. J.

LAVIN, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5